IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THERRAL HATFIELD, # 12926-002, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-324-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is Plaintiff Therral Hatfield's *pro se* Motion for Reconsideration Pursuant to Rule 60(b)(6). (Doc. # 67.) Final judgment was entered in Mr. Hatfield's 28 U.S.C. § 2255 application on October 21, 2015. (Doc. # 54.) Mr. Hatfield asserts that he is due relief from that judgment because of fraud and misconduct by the Government and his defense attorney that resulted in the court relying on false evidence in ruling on his claim of ineffective assistance of counsel. (Doc. # 67, at 2.) Specifically, Mr. Hatfield presents a new affidavit by Latasha Hill in which she claims to have lied in her trial testimony that Mr. Hatfield aimed and fired a gun at her on March 26, 2010, when in fact (she says now) Mr. Hatfield only accidentally fired the gun. (Doc. # 67-4, at 2.) She also says that she was not on the phone with the 911 operator when the gun went off (as she previously testified), and instead that she called the police only after the shooting occurred. (Doc. # 67-4, at

2.) According to Mr. Hatfield, this new evidence "prov[es] the 911 call was actually favorable to petitioner and not prejudicial as the government and trial counsel falsely presented to the court," that his counsel was thus constitutionally inadequate for failing to play the recording for the jury, and therefore that his § 2255 application would have been granted but for the court's reliance on his attorney's statement that the recording was incriminating. (Doc. # 67, at 5.)

The court liberally construes Mr. Hatfield's motion because he is proceeding *pro se*. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014). Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud and newly discovered evidence — the two categories that most closely fit Mr. Hatfield's plea for relief. *See* Fed. R. Civ. P. 60(b)(2), (3). Unfortunately, those categories also come with a strict time limitation: "A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60 (c)(1). Because final judgment was entered in Mr. Hatfield's § 2255 application on October 21, 2015, his Rule 60 motion on these grounds is untimely.[1]

---

[1] Even if timely, a Rule 60(b)(2) motion for relief based on newly discovered evidence typically presents a new habeas application and is therefore governed by 28 U.S.C. § 2244(b). *See Gonzales v. Crosby*, 545 U.S. 524, 531 (2005) (citing *Rodwell v. Pepe*, 324 F.3d 66, 69 (1st Cir. 2003)); *see also* 28 U.S.C. § 2255(h).

Recognizing this, Mr. Hatfield notes that motions under Rule 60(b)(5) and (b)(6) need only be "made within a reasonable time." (Doc. # 67, at 1 (citing Fed. R. Civ. P. 60(b)(c)(1)).) True. But while subsection (b)(5) speaks in seemingly broad terms about providing relief if "applying [the judgment] prospectively is no longer equitable," the Eleventh Circuit has made clear that this avenue is foreclosed to habeas petitioners. *Griffin v. Sec'y, Fla. Dep't of Corr.*, 787 F.3d 1086, 1091 (11th Cir. 2015).

This leaves Rule 60(b)(6)'s "any other reason that justifies relief." This route would require Mr. Hatfield to demonstrate "circumstances [that] are sufficiently extraordinary to warrant relief." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1304, 1317 (11th Cir. 2000). To be sure, a judgment resulting from a fraud perpetrated on the court can meet this high bar. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[2] But "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party *in which an attorney is implicated*, will constitute a fraud on the court" for these purposes. *Id.* (emphasis added) (citation omitted).

Mr. Hatfield has not shown that such fraud occurred here. Even accepting as true Ms. Hill's affidavit that she lied at trial about the details of the March 26

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

shooting, this new evidence does not show that the evidence on which the court relied in ruling on Mr. Hatfield's § 2255 application was fabricated, nor that Mr. Hatfield's attorney was somehow implicated in Ms. Hill's perjury. In fact, as the Magistrate Judge wrote in the Recommendation the court adopted, Mr. Hatfield's trial attorney "vigorously cross-examined [Ms. Hill] on this subject and suggested that the firearm had accidentally discharged." (Doc. # 51, at 18.) To the extent Mr. Hatfield contends that the outcome of his *trial* would have been different had Ms. Hill testified truthfully, that presents a new habeas claim on the merits, which the court does not have jurisdiction to consider absent authorization from the Eleventh Circuit. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005); *cf.* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

Accordingly, it is ORDERED that Mr. Hatfield's Motion for Reconsideration Pursuant to Rule 60(b)(6) (Doc. # 67) is DENIED.

DONE this 27th day of June, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE