IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THERRAL HATFIELD, # 12926-002,     )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    CASE NO. 2:13-CV-324-WKW
                                   )              [WO]
UNITED STATES OF AMERICA,          )
                                   )
        Defendant.                 )

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Therral Hatfield's *pro se* Motion for New Trial Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, as supplemented. (Docs. # 69, 70) The motion is due to be denied for lack of jurisdiction because it is an unauthorized successive 28 U.S.C. § 2255 motion.

## I. BACKGROUND

In November 2010, a federal jury found Defendant Therral Hatfield guilty of two counts of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of using a firearm during a crime of violence, in violation of 18 U.S.C § 924(c)(1)(A). Mr. Hatfield received a 384-month sentence, consisting of 300 months for the two kidnapping convictions and a consecutive term of 84 months for the firearm

conviction. The Eleventh Circuit affirmed his convictions on direct appeal.[1] *See United States v. Hatfield*, 466 F. App'x 775, 779 (11th Cir. 2012).

On May 15, 2013, Hatfield initiated this action by filing a *pro se* 28 U.S.C. § 2255 motion (his first) raising multiple issues, including that the government knowingly introduced perjured testimony from the victim, L. H., concerning her discovery of Hatfield's gym bag in the trunk of her vehicle a day or two after his arrest. On October 21, 2015, this case concluded with the denial of Mr. Hatfield's § 2255 motion. Mr. Hatfield filed a notice of appeal, but both this court and the Eleventh Circuit denied his motion for a certificate of appealability.[2] (Docs. # 57, 61.) These denials were followed by Mr. Hatfield's motion to alter or amend the judgment based on an assertion that his appellate counsel was ineffective for failure to obtain discovery for the appeal. (Doc. # 62.) When that motion was denied, Mr. Hatfield filed his first Rule 60(b)(6) motion for relief from the judgment. He asserted that relief from the judgment was warranted because of fraud and misconduct by the Government and his defense attorney that resulted in the court relying on false

---

[1] On appeal, Mr. Hatfield argued (1) a violation of his rights under the Speedy Trial Act, (2) that there was insufficient evidence to sustain his convictions, and (3) that the district court abused its discretion by excluding the testimony of one of his witnesses.

[2] The Eleventh Circuit later denied Mr. Hatfield's motion for reconsideration of the order denying a certificate of appealability. (Doc. # 66.)

2

evidence in ruling on his claim of ineffective assistance of counsel. That motion also was denied.[3] (Doc. # 68.)

Now pending is Mr. Hatfield's second Rule 60(b)(6) motion, and it proceeds along the same lines as the first. It challenges other portions of L. H.'s trial testimony as false. Mr. Hatfield argues that the victim, L. H., recently has admitted to him and others that, contrary to her trial testimony, Mr. Hatfield did not kidnap her and her two children at gunpoint. More specifically, he explains that "[t]he government and L.H. presented throughout the trial that [Hatfield] jumped in L.H.'s car[,] put a gun to his 2 year old['s] head, order[ed] L. H. to drive and threaten[ed] everyone in the car that he will kill everyone . . . ." (Doc. # 69, at 3.) Hatfield says that L. H. recently has "confessed" to him at a prison visitation that he "did not put a gun to his son's head," that, at trial, she "lied about ever seeing [Hatfield] do such a thing," and that she has "confessed to other people in New Orleans the truth that [he] did not kidnap her at gun point." (Doc. # 69, at 3.) While Mr. Hatfield says that L. H. has refused his request to submit an affidavit recanting her trial testimony, he argues that her refusal is motivated solely "out of fear she will go to prison." (Doc. # 69, at 4.)

---

[3] Mr. Hatfield also has a second § 2255 motion that is pending in this court. In that case, Mr. Hatfield was granted a certificate of appealability on a single claim. He received permission from an Eleventh Circuit panel to file a successive habeas petition to allege a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), challenging his 18 U.S.C. § 924(c) conviction in Count 3. The circuit reasoned that "we have not decided whether the companion offenses, in this case federal kidnapping, categorically qualif[y] as a crime of violence for § 924(c) purposes." (Doc. # 246, at 6.)

3

Although unable to obtain L. H.'s affidavit, Mr. Hatfield has submitted emails between him and L. H. that he says supports his motion. (Doc. # 69, at 4; Doc. # 69–2.) Mr. Hatfield contends that an evidentiary hearing with compulsory testimony from L. H. and other witnesses will prove his actual innocence. Hence, Mr. Hatfield's Rule 60(b) motion focuses on L. H.'s allegedly perjurious trial testimony.

## II. DISCUSSION

When an inmate files a Rule 60(b) motion in a habeas corpus case, the district court must determine whether the motion is proper under Rule 60 or whether the motion is actually a successive habeas petition. *See United States v. Bueno-Sierra*, 723 F. App'x 850, 853 (11th Cir. 2018) ("A Rule 60(b) motion cannot be used to circumvent the prohibition on filing unauthorized successive post-conviction challenges."). "[A] Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim on the merits.'" *Williams v. Chatman*, 510 F.3d 1290, 1293–94 (11th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). If the Rule 60(b) motion is camouflaged as a successive habeas petition, the district court lacks jurisdiction to entertain it unless the inmate has obtained prior authorization from the court of appeals. *Id.*

However, an inmate "may file a Rule 60(b) motion on a 'limited basis' to allege a defect in the integrity of the habeas proceedings with respect to the denial

4

of his § 2255 motion." *United States v. Saint Surin*, 693 F. App'x 787, 789 (11th Cir. 2017) (quoting *Williams*, 510 F.3d at 1293–94). "For example, a Rule 60(b) motion is proper if it: (1) asserts that a federal court's previous ruling that precluded a merits determination was in error; or (2) attacks a defect in the federal proceeding's integrity, such as fraud on the court." *United States v. Bueno-Sierra*, 723 F. App'x 850, 853 (11th Cir. 2018) (citing *Gonzalez*, 545 U.S. at 532–35 & nn.4–5). Fraud on the court encompasses "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated . . . ." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citation omitted).[4] As the Eleventh Circuit has explained, fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging in cases that are presented for adjudication . . . ." *Travelers Indemnity Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985). Furthermore, in the habeas context, the fraud-on-the-court exception "applies only to allegations of fraud on the federal habeas court, not to allegations of fraud in the trial court of conviction." *United States v. Bueno-Sierra*, 723 F. App'x 850, 854 (11th Cir. 2018) (citing *Gonzalez v. Sec'y for the*

---

[4] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Dep't of Corrs.*, 366 F.3d 1253, 1262, 1278 (11th Cir. 2004) (en banc)); *see also Gonzalez*, 545 U.S. at 532 n.5 (noting that a Rule 60(b) motion that alleges a "[f]raud on the federal habeas court" is a proper challenge to a "defect in the integrity of the federal habeas proceedings").

The time strictures of Rule 60(b) apply equally in the habeas context. Hence, "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Because more than a year has passed between the entry of the final judgment on Mr. Hatfield's § 2255 motion and the filing of the instant motion, Mr. Hatfield cannot seek relief under Rule 60(b)(1)–(3), and he appropriately does not. Rule 60(b)(6), which is the sole provision upon which Mr. Hatfield relies, although not constrained by a one-year time limitation, requires the movant to demonstrate "circumstances [that] are sufficiently extraordinary to warrant relief." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (citation and internal quotation marks omitted); *see also Gonzalez*, 545 U.S. at 535 (A movant seeking Rule 60(b)(6) relief must show "'extraordinary circumstances' justifying the reopening of a final judgment." (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950))). "Such circumstances . . . rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Construing Mr. Hatfield's *pro se* filings liberally, the court finds that Mr. Hatfield has impermissibly filed a successive § 2255 motion disguised as a Rule 60(b)(6) motion. It is a back-door challenge to his underlying convictions, not a challenge to the integrity of this habeas proceeding.

First, Mr. Hatfield's arguments challenge the trial testimony of the victim, L. H., on grounds that it was perjured. As is apparent, Mr. Hatfield does not contend that the perjured testimony occurred during the § 2255 proceeding, but rather that the perjured testimony occurred at trial prior to the filing of his § 2255 motion. As dictated by Eleventh Circuit case law, in the habeas context, the alleged fraud must have been committed on the federal habeas court, not the trial court. *See Bueno-Sierra*, 723 F. App'x at 854. For this reason alone, Hatfield's claim of perjured trial testimony is outside the scope of Rule 60(b)(6).

Second, Mr. Hatfield's assertions do not meet the high bar required to demonstrate a fraud on the court. Mr. Hatfield's allegation that L. H. lied at trial that she and her children were kidnapped at gunpoint is just that — an allegation. There is no sworn recantation from the victim. And the emails submitted, if authored by L. H. (which is less than clear), reveal not a retraction by L. H., but pressure from Mr. Hatfield for L. H. to do so. Hence, Mr. Hatfield has not shown that L. H. actually committed perjury. But even if there were evidence that the victim had admitted to perjuring herself at trial, perjury by a trial witness, in and of itself, is insufficient to

7

demonstrate a fraud on the court. As one court thoughtfully has reasoned, in the circumstance of suspected perjury, "where the court or its officers are not involved, there is no fraud on the court within the meaning of Rule 60(b). The possibility of a witness testifying falsely is always a risk in our judicial process, but there are safeguards within the system to guard against such risks." *Lockwood v. Bowles*, 46 F.R.D. 625, 632 (D.D.C. 1969). The variation of fraud Mr. Hatfield alleges goes to the credibility of the victim's testimony, which was subjected to the safeguard of vigorous cross-examination and ultimately was accepted by the jury. But this is not the sort of fraud that corrupts the integrity of the judicial process, such as where the fabrication of evidence is suborned by an officer of the court or where a judge or jury succumbs to bribery. *See Rozier*, 573 F.3d at 1338. There is no evidence here that the prosecutors were participants in a deliberate scheme to obtain a conviction based upon perjured testimony by the victim or even that the prosecution had an inkling that L. H.'s testimony was perjured.

Furthermore, on this record, convening a hearing and compelling L. H. to testify would undermine the public confidence in the jury trial system and send the wrong message to crime victims who at a reasonable point should be able to find solace in the finality of the jury's verdict. *See Buck v. Davis*, 137 S. Ct. 759, 778 (2017) ("In determining whether extraordinary circumstances are present [under Rule 60(b)], a court may consider . . . in an appropriate case, 'the risk of injustice to

the parties' and 'the risk of undermining the public's confidence in the judicial process.'" (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)). The request for a hearing will be denied.

Although Mr. Hatfield has attempted to characterize his Rule 60(b)(6) motion as a challenge to the integrity of the judicial proceedings, he is, in fact, presenting a new collateral challenge to his underlying conviction, namely, that it was obtained by false testimony. Because a Rule 60(b) motion cannot be used to "assert, or reassert, claims of error" in the movant's conviction, *Gonzalez*, 545 U.S. at 538, Mr. Hatfield's Rule 60(b)(6) motion is a successive § 2255 motion. Only a three-judge panel of the Eleventh Circuit Court of Appeals, not this court, can authorize the filing of a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(B). Mr. Hatfield has not shown that he has received authorization to file a successive habeas petition; therefore, the court lacks jurisdiction to decide his § 2255 motion. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

### III. ORDER

Mr. Hatfield's Rule 60(b)(6) motion is in actuality a successive § 2255 motion. Because it was not authorized pursuant to 28 U.S.C. § 2244(b)(3), it is due to be denied for lack of jurisdiction. Accordingly, it is ORDERED as follows:

(1)     Petitioner Therral Hatfield's *pro se* Motion for New Trial Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, as supplemented (Docs. # 69, 70), is DENIED for lack of jurisdiction; and

(2)     Mr. Hatfield's request for an evidentiary hearing is DENIED.

DONE this 10th day of September, 2018.

/s/ W. Keith Watkins  
CHIEF UNITED STATES DISTRICT JUDGE